UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMI DE VANEY                                                      CIVIL ACTION

VERSUS                                                             NO. 2:18-CV-7745

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## COMPLAINT

The Complaint of Tami De Vaney respectfully alleges:

1. This is a claim for ERISA long-term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. § 1001, et seq.; 29 U.S.C. § 1132(e)(1)(2).

3. Plaintiff, **Tami De Vaney**, of lawful age and a resident of Metairie, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Cooper/T. Smith Corporation and an insured participant of a group disability policy issued by The Lincoln National Life Insurance Company.

4. Defendant, **The Lincoln National Life Insurance Company** ("Lincoln National"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Lincoln National is incorporated in Fort Wayne, Indiana, and its principal place of business is in the state of Indiana.

5. Lincoln National issued a group policy insuring the employees of Cooper/T. Smith Corporation. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1).

7. Plaintiff had worked as an office administrator for her employer before she was forced to claim disability benefits due to her worsening medical condition.

8. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

9. Plaintiff is disabled under the terms of the disability policy issued by Lincoln National.

10. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

11. Lincoln National unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

12. Plaintiff appealed the denial, but Lincoln National upheld its previous decision.

13. Lincoln National's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

14. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse Lincoln National's denial of benefits.

15. Lincoln National has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

16. Lincoln National has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

17. Lincoln National has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

18. Lincoln National administered Plaintiff's claim with an inherent and structural conflict of interest as Lincoln National is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Lincoln National's assets.

19. Lincoln National has failed to give the policy and Plan a uniform construction and interpretation.

20. Lincoln National chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

21. As a routine business practice, Lincoln National uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

22. Lincoln National's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

23. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

24. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

25. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and

4. For all other relief as the facts and law may provide.

        Respectfully submitted,

        /s/ Reagan L. Toledano
        Willeford & Toledano
        Reagan L. Toledano (La. 29687)
        James F. Willeford (La. 13485)
        201 St. Charles Avenue, Suite 4208
        New Orleans, Louisiana 70170
        (504) 582-1286; (f) (313)692-5927
        rtoledano@willefordlaw.com